IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**BRENDAN BODDIE,**

      Petitioner,

v.                                  Crim. Action No.   1:19-CR-16-2
                                      Civil Action No.    1:20-CV-120

**USA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 18, 2020, Brendan Boddie ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:20-CV-120 Doc. 1; Criminal Action Number 1:19-CR-16-2 Doc. 95].[1]  Because the petition was not on the court-approved form, the Court issued a Notice of Deficient Pleading, and petitioner re-filed his petition on the court form on July 13, 2020.  [Doc. 106].  On October 8, 2020, the Court directed respondent to file an answer.  [Doc. 124].  Respondent filed a response on January 25, 2021, in which it argues that the petition should be denied and dismissed.  [Doc. 156].  This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

---

[1] From this point forward, all document numbers refer to petitioner's criminal action, unless otherwise noted.

## II. PROCEDURAL HISTORY

### A. Conviction and Sentence

On March 5, 2019, petitioner was charged with possession of firearms by a person convicted of domestic violence crime, in violation of 18 U.S.C. §§ 922(g)(9) & (a)(2). On May 2, 2019, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty pursuant to a plea agreement. On November 25, 2019, petitioner was sentenced to a term of 36 months imprisonment.

### B. Appeal

Petitioner did not file an appeal from the judgment of her conviction.

### C. Federal Habeas Corpus

On June 18, 2020, petitioner filed the instant petition. As set forth above, the petitioner re-filed his petition on the court-approved form on July 13, 2020, and the respondent filed a response on January 25, 2021. In his petition, petitioner raises four grounds for relief: first, that the statute under which he was charged was an invalid statute and his indictment was constructively amended; second, that his plea agreement was unconstitutional, void, and invalid; third, that he received ineffective assistance of counsel; and fourth, that the Court lacked jurisdiction in his case.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject

to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    ANALYSIS

**A.    Petitioner's claims other than ineffective assistance of counsel were waived as part of his plea agreement.**

As set forth above, petitioner pleaded guilty in his criminal case pursuant to a plea agreement. That plea agreement included the following waiver:

> Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:
>
> . . .

3

      C.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

[Doc. 37 at 4–5].

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." **Blackledge v. Allison**, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." *Id*. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." **United States v. Lemaster**, 403 F.3d 216, 220 (4th Cir. 2005).

In **United States v. Attar**, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." *Id*. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. *Id*. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a

4

constitutionally impermissible factor such as race." *Id*. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." *Id*.

Subsequently, in **Lemaster**, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. **Lemaster**, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. *Id*. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." *Id*. at n.2.

Here, the waiver petitioner signed effectively waived his right to bring the claims in the instant motion, other than ineffective assistance of counsel. In his second ground, however, petitioner argues that the plea agreement is void. He raises two arguments in support. First, he contends that the plea agreement is void because the statute he was indicted under is invalid, "as you cannot plead to an indictment that should not lawfully exist." [Doc. 106-2 at 1]. Second, that he signed the plea under duress and intimidation after being threatened with lengthy prison sentences if he did not enter a plea. [Id. at 2].

The first argument echoes the first ground of his petition, that the statute under which he was charged, 18 U.S.C. § 922(g), is invalid. Petitioner relies on the Supreme Court's decision in **Rehaif v. United States**, 139 S. Ct. 2191 (2019). In **Rehaif**, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the

Government must prove both that the defendant knew he possessed a firearm *and* that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Id*. at 2195. **Rehaif** is inapplicable to petitioner's criminal case. That case dealt with the knowledge requirement in the context of a jury trial. Here, petitioner pleaded guilty to "knowingly" possessing firearms after being convicted of a misdemeanor crime of domestic violence. [Doc. 1 at 3]. Petitioner admitted all the facts essential to sustain his conviction under Section 922(g)(1) when he agreed to plead guilty. **United States v. Broce**, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *see also* **United States v. Willis**, 992 F.2d 489, 490 (4th Cir 1993) ("A knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). Further, although **Rehaif** was decided after petitioner entered his plea of guilty, it was before he was sentenced. At the sentencing, petitioner's counsel indicated that Mr. Boddie had no dispute about his knowledge of his prohibited status. [Doc. 156-2 at 5]. The Court then questioned Mr. Boddie directly:

> THE COURT:   . . . Mr. Boddie, if I could ask you this, sir: Back on April 26, 2018, did you know, sir, that you had previously been convicted of a misdemeanor crime of domestic violence?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT:   And on April 26, 2018, you were aware that you had been convicted of the crime of assault and battery against a family or household member in Stafford County, Virginia; correct?

>THE DEFENDANT: Correct.
>
>THE COURT: And were you aware on April 26, 2018, as a result of that previous conviction in the Commonwealth of Virginia, that that made you a prohibited person under federal law, meaning that you were not lawfully permitted to possess a firearm on April 26, 2018, because of that prior conviction? Did you understand that, sir?[2]
>
>THE DEFENDANT: Yes, sir. May I confer with my counsel please?
>
>THE COURT: Absolutely.
>
>(Defendant and Mr. Radman confer at counsel table.)
>
>THE DEFENDANT: Yes, Your Honor.

[Doc. 156-2 at 8]. Upon review, the Court finds that *Rehaif* has no bearing on petitioner's criminal case—neither his indictment nor that statute as a whole are invalidated by *Rehaif*.

Turning to petitioner's second argument in regard to his plea agreement, the question before this Court is whether the plea was made knowingly and voluntarily. At the plea hearing, the undersigned thoroughly questioned petitioner to ensure he had read and understood the plea agreement. At that hearing, petitioner indicated that he considered his guilty plea to be voluntary and that he knew of no fundamental defects in the proceedings. [Doc. 133 at 37]. "[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and

---

[2] The undersigned notes this question is in excess of what *Rehaif* requires; later in the transcript Judge Kleeh noted that this was confirmed out of an abundance of caution to ensure compliance with *Rehaif*.

'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). The Court finds that the petitioner's plea was entered knowingly and voluntarily. Accordingly, the waiver in petitioner's plea agreement is effective, and his claims other than ineffective assistance of counsel should be dismissed.

B. **Petitioner cannot show he is entitled to relief on his ineffective assistance of counsel claim**.

In his third ground, petitioner claims he received ineffective assistance of counsel. Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show both that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance. *Strickland*, 466 U.S. at 669.

Here, petitioner does little to identify what actions taken by his counsel he contends were ineffective: for example, he asserts that his counsel, Mr. Radman, "consistently mislead (sic) and misinformed" him without elaborating. [Doc. 106-3 at 2]. The only specific issue raised is that petitioner contends his counsel cooperated with the prosecution in coercing petitioner into the plea agreement by warning him of harsh sentences if he did not comply. [Id. at 4]. As set forth above, the claim that petitioner was coerced into signing his plea agreement is contradicted by petitioner's own sworn statements in open court. Similarly, at petitioner's plea hearing, he indicated that he did not believe his counsel was ineffective in representing him. [Doc. 133 at 37–38]. "In evaluating a post guilty plea argument of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and

8

convincing evidence to the contrary." *Aldana v. United States*, No. CIV.A. 3:05-CV-27, 2007 WL 4190465, at *3 (N.D. W.Va. Apr. 25, 2007) (Seibert, M.J.), *order clarified*, No. CIV.A. 3:05-CV-27, 2007 WL 4190461 (N.D. W.Va. Nov. 21, 2007), and *report and recommendation adopted*, No. CIV.A. 3:05-CV-27, 2008 WL 620542 (N.D. W.Va. Mar. 3, 2008) (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)). Petitioner's claim of ineffective assistance should therefore be dismissed.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:20-CV-120 Doc. 1; Criminal Action Number 1:19-CR-16-2 Doc. 95**] be **DENIED** and **DISMISSED with prejudice**. Further, the undersigned recommends that petitioner's Motion for Summary Judgment [**Doc. 168**] and the United States' Motion to Continue Briefing Deadline [**Civil Action Number 1:20-CV-120 Doc. 10**] be **DENIED AS MOOT**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

9

**Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  May 2, 2022.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE