IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRENDAN BODDIE,

     PETITIONER,

  v.                                  CIVIL ACTION NO. 1:20CV120
                                 CRIMINAL ACTION NO. 1:19CR16-2
                                      (KLEEH)

UNITED STATES OF AMERICA,

     Respondent.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PARTIES' MOTIONS, AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is (1) the petition of Brendan Boddie to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1:19CR16-2, ECF No. 95; 1:20CV120, ECF No. 1]; (2) Boddie's motions for summary judgment [ECF Nos. 157, 168; 1:20CV120, ECF No. 9]; (3) the Government's motion to continue its briefing deadline [1:20CV120, ECF No. 10]; (4) the Report and Recommendation ("R&R") of the Honorable Michael J. Aloi, United States Magistrate Judge [1:19CR16-2, ECF No. 172; 1:20CV120, ECF No. 12]; and (5) Boddie's objections to the R&R [1:19CR16-2, ECF No. 174; 1:20CV120, ECF No. 14]. For the following reasons, the Court **ADOPTS** the R&R, **DENIES** the parties' motions, and **DISMISSES WITH PREJUDICE** Civil Action Number 1:20cv120.

**BODDIE V. USA**                                    **1:20CV120/1:19CR16-2**

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PARTIES' MOTIONS, AND DISMISSING CASE WITH PREJUDICE

#### I. <u>RELEVANT LAW</u>

When reviewing a magistrate judge's R&R, the Court must review <u>de novo</u> only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). An objection must be specific and particularized to warrant such review. <u>See</u> <u>United States v. Midgette</u>, 478 F.3d 616, 621-22 (4th Cir. 2007). Otherwise, the Court will uphold portions of a recommendation to which a general objection or no objection has been made unless they are clearly erroneous. <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Midgette</u>, 478 F.3d at 622.

#### II.  <u>DISCUSSION</u>

Boddie filed his objections to the R&R on May 12, 2022 [ECF No. 172].[1] Despite acknowledging his obligation to submit specific written objections, Boddie merely objects "to the recommendation in its entirety." <u>Id.</u> at 1-2. This general objection relieves the Court of its obligation to conduct a <u>de novo</u> review. <u>Midgette</u>, 478 F.3d at 622. Boddie failed to direct the Court to any specific error in Magistrate Judge Aloi's proposed findings or recommendations. Instead, he reiterated his dissatisfaction with his criminal prosecution and stated that his arguments "are plainly set forth to the best of his ability, pro se, and do not need to

---

[1] All docket numbers refer to Criminal Action number 1:19cr16-2 unless otherwise indicated.

**BODDIE V. USA**                                      **1:20CV120/1:19CR16-2**

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PARTIES' MOTIONS, AND DISMISSING CASE WITH PREJUDICE**

be reiterated and reargued for the sake of the meritless two-cent response by the magistrates [sic] recommendation" [ECF No. 174 at 2]. A passing reference to his earlier filings and arguments does not merit de novo review.

### III.  CONCLUSION

Therefore, the Court has reviewed Magistrate Judge Aloi's R&R for clear error. Diamond, 416 F.3d at 315. Finding none, it:

(1)  **OVERRULES** Boddie's objections to the R&R [1:19CR16-2, ECF No. 174;  1:20CV120, ECF No. 14];

(2)  **ADOPTS** the R&R in its entirety [1:19CR16-2, ECF No. 172; 1:20CV120, ECF No. 12];

(3)  **DENIES** Boddie's § 2255 motion [1:19CR16-2, ECF No. 95; 1:20CV120, ECF No. 1];

(4)  **DENIES AS MOOT** Boddie's motions for summary judgment [ECF Nos. 157, 168; 1:20CV120, ECF No. 9];

(5)  **DENIES AS MOOT** the Government's motion to continue briefing deadline [1:20CV120, ECF No. 10]; and

(6)  **DISMISSES** Civil Action Number 1:20CV120 with prejudice.

### IV.   NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court denies the certificate, "the parties may

BODDIE V. USA                                      1:20CV120/1:19CR16-2

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PARTIES' MOTIONS, AND DISMISSING CASE WITH PREJUDICE**

not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Boddie has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Boddie has failed to make the requisite showing and **DENIES** a certificate of appealability.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment Order in Civil Action No. 1:20CV120 and to strike it from the Court's active docket. The Clerk shall transmit copies of this Order to Boddie by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: December 5, 2022

_Tom S Kleeh_
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

4